UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| BANCINSURE, INC. | * | CIVIL ACTION NO. 99-CV0456 |
| | * | |
| versus | * | JUDGE DOHERTY |
| | * | |
| AMERICAN SECURITY BANK | * | MAGISTRATE JUDGE METHVIN |
| | * | |
| | * | |

## MOTION TO DISMISS OR STAY
## DECLARATORY JUDGMENT ACTION

NOW INTO COURT, through undersigned counsel, comes American Security Bank of Ville Platte, Inc., which moves for dismissal of or a stay of proceedings in this declaratory judgment action, on the grounds that the exercise of jurisdiction of this Honorable Court under 28 U.S.C. § 2201 is discretionary, and that dismissal or stay is clearly available, under controlling legal authorities, in deference to the litigation presenting the same issues which is pending between these same parties in the Thirteenth Judicial District Court, State of Louisiana, Parish of Evangeline, all as more fully set forth in the accompanying Memorandum.

Respectfully submitted,

Patrick W. Gray (Bar #6265)
Carmen Rodriguez (Bar #22573)
LISKOW & LEWIS
822 Harding Street
P.O. Box 52008
Lafayette, Louisiana 70505-2008
Telephone (318) 232-7424

Attorneys for Defendant, American Security Bank

### Certificate of Service

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the United States mail, properly addressed and postage prepaid, this 23rd day of August, 1999.

Respectfully submitted,

_____
Patrick W. Gray (Bar #6265)
Carmen Rodriguez (Bar #22573)
LISKOW & LEWIS
822 Harding Street
P.O. Box 52008
Lafayette, Louisiana 70505-2008
Telephone (318) 232-7424

Attorneys for Defendant American Security Bank

### Certificate of Service

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the United States mail, properly addressed and postage prepaid, this 23rd day of August, 1999.

_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| BANCINSURE, INC. | * | CIVIL ACTION NO. 99-CV0456 |
| | * | |
| versus | * | JUDGE DOHERTY |
| | * | |
| AMERICAN SECURITY BANK | * | MAGISTRATE JUDGE METHVIN |

---

## MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS OR STAY
## DECLARATORY JUDGMENT ACTION

MAY IT PLEASE THE COURT:

American Security Bank of Ville Platte, Inc. ["ASB"] has moved this Court for dismissal of the plaintiff's claims or, alternatively, for a stay of all proceedings in this matter pending resolution of the state court action entitled "American Security Bank of Ville Platte, Inc. v. BancInsure, Inc.," Docket No. 60806-B, pending in the Thirteenth Judicial District Court for the Parish of Evangeline, State of Louisiana, and respectfully submits this memorandum of authorities in support of the motion.

### FACTS

Plaintiff in this declaratory judgment is BancInsure, Inc. ("BancInsure"), which issued a policy of insurance in favor of American Security Bank of Ville Platte, Inc. ("ASB"), purporting to cover certain losses relating to automatic teller machine (ATM) operations. On March 3, 1999, after BancInsure demonstrated it would not voluntarily cover ASB's losses under its policy,

ASB wrote BancInsure to advise that it intended to take legal action to enforce its rights.[1] Ten days later, in an obvious effort to pretermit ASB's right to choose the forum for resolving its claims, BancInsure filed this declaratory judgment action.

ASB has filed a substantive lawsuit in Thirteenth Judicial District Court for the Parish of Evangeline, State of Louisiana entitled "American Security Bank of Ville Platte, Inc. v. BancInsure, Inc., Phillip A. Lemoine & Associates Insurance Services, Inc., and XYZ Insurance Company," Docket Number 60806-B and asserting its policy based claims (the "state court action"). The state court action, commenced approximately one month after this declaratory judgment action was filed, seeks recovery under the BancInsure insurance policy. Importantly, the state court action presents claims against two additional defendants, Phillip A. Lemoine & Associates Insurance Services, Inc. ["Lemoine"] and its insurer, for "errors and omissions" claims. The state court action therefore encompasses a broader range of issues and claims than those presented in this declaratory judgment action.

Consistent with its determination to control the forum, BancInsure removed the state court action to this court. BancInsure premised its removal on the theory that Lemoine and its insurer had been fraudulently joined. This Court rejected that contention, and remanded the case to state court. See "Memorandum Ruling," *American Security Bank of Ville Platte, Inc. versus BancInsure, Inc.*, Civil Action Number: 99-0999, United States District Court for the Western District of Louisiana, Judge Doherty, Magistrate Judge Methvin.[2] Thereafter, BancInsure filed a declinatory exception of *lis pendens* in the state court action seeking a stay of the proceedings in

---

[1] A copy of the referenced letter is attached hereto as Exhibit "A."

[2] A copy of the Court's Memorandum Ruling remanding the state court action is attached hereto as Exhibit "B."

that matter. Based in part upon the fact that the state court action presents additional issues and contains more parties than does this matter, the exception has been overruled by the Court. Thus, the state court action remains pending and is the only forum with jurisdiction to hear the entire dispute.

## LAW AND ARGUMENT

**A.  The Court has the discretion to refuse to maintain jurisdiction over this declaratory judgment action.**

Title 28 U.S.C. § 2201(a) governs declaratory judgment actions in the federal courts:

> In a case of actual controversy within its jurisdiction, except [in particularly excepted tax and trade cases] any court of the United States, upon the filing of an appropriate pleading, ***may*** declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

(Emphasis added). The permissive "may" of the statute vests the district courts with discretion to decline to hear an action seeking declaratory judgment. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995); *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 62 S Ct. 1173, 86 L.Ed. 1620 (1942); *St. Paul Insurance Co. v. Trejo,* 39 F.3d 585 (5th Cir. 1994); *Travelers Insurance Co. v Louisiana Farm Bureau Federation,* 996 F.2d 774, 778 n.12 (5th Cir. 1993). These and other jurisprudence from the Supreme Court and the Fifth Circuit have recognized that declaratory judgment actions are subject to dismissal when parallel state court actions are pending and can completely adjudicate the disputes between the parties.

Dismissal is especially appropriate where a federal declaratory judgment action is brought in anticipation of a lawsuit being filed by the defendant. The traditional type of cases which presents this issue to the courts is one in which an insurer brings a preemptive federal court action. The federal courts have developed general guidelines in assessing whether to exercise

jurisdiction under the Declaratory Judgment Act, under such circumstances. The guidelines were clearly articulated by the Fifth Circuit in *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994):

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy.

*St. Paul*, 39 F.3d at 590-91, *quoting Travelers Insurance Co. v Louisiana Farm Bureau Federation*, 996 F.2d 774 778 n. 12 (5th Cir. 1993). Five of the six numbered factors weigh heavily in favor of dismissal of this matter. First, as discussed above, the state court action presents a forum in which all of the matters in controversy in this matter—*i.e.* whether the policy at issue provides coverage and, if not, whether BancInsure owes to ASB compensation for damages incurred as a result of the failure to provide coverage. BancInsure has repeatedly recognized the fact that the state court action presents all of the claims asserted by ASB in this matter.[3] Moreover, inasmuch as this Court has remanded the state court action for lack of jurisdiction, it is clear that the state court action is the only forum in which the entire dispute arising out of the policy dispute is presented and can be heard without duplicate expenditure of resources by the courts and by the litigants.

---

[3] See Memorandum in Support of Declinatory Exception of Lis Pendens, at 2, and Memorandum in Opposition to Motion to Remand, at 4, attached hereto in globo as Exhibit C.

Second, the record is perfectly clear that BancInsure filed suit on March 16, 1999 in anticipation of ASB's declared intent, by letter dated March 2, 1999, to initiate proceedings to recover its losses under the policy.[4] In view of this sequence of events, the conclusion that the plaintiff engaged in forum shopping in bringing this action can hardly be gainsaid. Furthermore, BancInsure not only commenced this preemptive lawsuit, but also undertook to remove the state court action to this Court despite the plain absence of diversity of citizenship to support federal jurisdiction. Forced to return to state court, BancInsure filed an exception of *lis pendens*, asking the state court to stand the principles of comity on their head and defer to these federal proceedings. That request has now been denied, so that the state court action will now proceed toward final adjudication of all claims as to all parties.

The remaining factors address the (i) inequity of allowing a declaratory judgment plaintiff to determine the forum for litigation, (ii) the relative convenience of the federal forum as opposed to the state forum, and (iii) judicial economy. Separately, none of these factors plays a large role in the analysis of this particular case. However, cumulatively they demonstrate the dissonance which result which an obligor is permitted to turn the traditional litigation process on its head. For instance, the inequity of permitting BancInsure to wrest from ASB the right of choice of forum necessarily follows when the plaintiff on a substantive claim is denied its traditional right to sue where it chooses. Additionally, maintaining this action will result in imposing on ASB the added expense and inconvenience of dual litigation which ASB will have to pursue to secure any potential recovery against its insurance agent. Finally, the decision to maintain discretionary jurisdiction in this case—which presents no difficult, special, or unique issues requiring resolution

---

[4] *See* Exhibit A.

in this Court—would virtually ensure the necessity for duplicate proceedings in this court and in state court and would undermine the federal interest in judicial economy accordingly.

B.    **This preemptive declaratory judgment action by an insurer is the paradigm for dismissal under the Declaratory Judgment Act.**

The Supreme Court's decisions in *Brillhart* and *Wilton,* as well as strong and controlling precedent in the Fifth Circuit and persuasive opinions issued by other trial courts in this Circuit demonstrate that declaratory judgment actions such as the one asserted herein—those brought by insurance companies to preempt state court claims by their insureds—are the classic examples of cases in which federal district courts' discretion not to hear a case should be exercised. Both *Wilton* and *Brillhart* presented facts in which "[a]n insurer, anticipating a coercive suit, sought a declaration in federal court of nonliability on an insurance policy on an insurance policy."[5] In both cases the district courts had declined to hear the declaratory judgment actions. The *Brillhart* case was then appealed to the Tenth Circuit, which reversed the trial court's ruling and the *Wilton* case was then appealed to the Fifth Circuit and affirmed in that Court. In both cases the United States Supreme Court ultimately affirmed the trial court's discretionary dismissal of the insurers' declaratory judgment actions.

Numerous other federal cases have addressed, and declined to hear, declaratory judgment actions "virtually identical" to this case. *See, e.g., Mission Ins. Co. v. Puritan Fashions Corp.* 706 F.2d 599, 602 (5th Cir. 1983)(action dismissed where insurer filed preemptive action for declaratory judgment in Texas federal court; Fifth Circuit affirmed dismissal to prevent "the

---

[5]    *Wilton,* 515 U.S. at 282, 115 S.Ct. at 2140. The Supreme Court used the quoted language to describe what it called "virtually identical" facts in both *Wilton* and *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).

inequity of permitting Mission to gain precedence in time and forum by its conduct."); *Safety National Casual Corp. v. Bristol-Myers Squibb Co.,* 42 F. Supp. 2d 713 (E.D.Tex. 1999)(declining to hear liability insurer's request for declaratory judgment to require arbitration); *Sheffield Insurance Corp. v. River Products, Inc.,* 958 F. Supp. 270 (E.D.La. 1997)(staying liability insurer's declaratory judgment action in favor of state court action involving insurer and other parties); *Bituminous Fire and Marine Insurance Co. v. Fontenot,* 907 F. Supp. 193 (M.D.La. 1995)(declining to grant declaratory judgment on application of policy's pollution exclusion where pending action in state court would fully resolve the issue); *Sphere Drake Insurance Co. v. Tiger Tennis Camp,* 839 F. Supp. 579 (M.D.La. 1993)(declining to issue declaratory judgment regarding obligations under liability insurance policy).

In circumstances identical to those before this Court, substantial controlling and persuasive jurisprudence in this Circuit uniformly approves dismissal of preemptive suits brought by insurance companies seeking to avoid the obligations of their policies. These decisions are consistent with the general principles governing the discretionary authority to hear declaratory judgment cases as discussed hereinabove.

For the foregoing reasons, American Security Bank of Ville Platte, Inc. respectfully moves the Court for dismissal of BancInsure's declaratory judgment action in this matter.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| BANCINSURE, INC. | * | CIVIL ACTION NO. 99-CV0456 |
| | * | |
| versus | * | JUDGE DOHERTY |
| | * | |
| AMERICAN SECURITY BANK | * | MAGISTRATE JUDGE METHVIN |
| | * | |
| | * | |

---

### **FINAL JUDGMENT**

Considering the Motion to Dismiss or Stay Declaratory Judgment Action filed by Defendant American Security Bank, and all argument submitted in connection therewith;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this matter be and is hereby DISMISSED, without prejudice.

Lafayette, Louisiana this _____ day of _____, 1999.


_____
UNITED STATES DISTRICT JUDGE

46575:ARCENGE

# LISKOW & LEWIS
## A PROFESSIONAL LAW CORPORATION
### ATTORNEYS AT LAW

| | | |
|---|---|---|
| GENE W LAFITTE | RICHARD W REVELS, JR | SCOTT C. SEILER |
| BILLY H. HINES | JOSEPH P HEBERT | CHERYL MOLLERE KORNICK |
| THOMAS D HARDEMAN | MARGUERITE L ADAMS† | MARK D LATHAM |
| JOHN M. KING | DAVID W. LEEFE | JOHN C ANJIER |
| LEON J REYMOND, JR | WM BLAKE BENNETT | G C SLAWSON, JR |
| J. BERRY ST JOHN, JR | MARK A LOWE | E. PETER URBANOWICZ |
| DONALD R. ABAUNZA | GEORGE DENEGRE, JR | SHANNON S. HOLTZMAN |
| JOHN M WILSON | DON K. HAYCRAFT | CAROL WELBORN REISMAN |
| LAWRENCE P SIMON, JR | CRAIG WYMAN | MATT JONES |
| FREDERICK W. BRADLEY | JAMES A. BROWN | JILL THOMPSON LOSCH |
| S GENE FENDLER | R. KEITH JARRETT | DAVID L. REISMAN |
| JOHN D WOGAN | CHERYL V CUNNINGHAM | PATRICIA CAMPBELL SMITH |
| GEORGE H. ROBINSON, JR | STEVIA M. WALTHER | JULIA MERAUX PEARCE* |
| MARILYN C. MALONEY | ROBERT S ANGELICO* | KAREN DANIEL ANCELET |
| JOSEPH C GIGLIO, JR | ROBERT L. THERIOT | MICHAEL D. RUBENSTEIN |
| PATRICK W GRAY | DENA L OLIVIER | PETER C MULLER |
| ROBERT E HOLDEN | GEORGE ARCENEAUX III | CECILE L GORDON |
| JOE B. NORMAN | MARIE BREAUX | STEVEN P CROWTHER |
| THOMAS M. McNAMARA | RANDYE C. SNYDER | HAROLD J. FLANAGAN |
| JAMES N. MANSFIELD III | JONATHAN A. HUNTER | GREG L. JOHNSON |
| BILLY J. DOMINGUE | THOMAS P. DIAZ | CHERYL L. MANN |
| PHILIP K. JONES, JR. | MARY S JOHNSON | ROBERT H. WEST |
| WILLIAM W. PUGH | KATHLEEN FRIEL HOBSON | JAMIE D. RHYMES |
| CHARLES B. GRIFFIS | SHAUN G. CLARKE | KHRISTINA DeLUNA MILLER |

CULLEN R. LISKOW (1893-1971)
AUSTIN W. LEWIS (1910-1974)

CARMEN M. RODRIGUEZ
KELLY C. SIMONEAUX
BRETT D WISE
JOHN A. LOVETT
NADIA M de LA HOUSSAYE
KYLE P. POLOZOLA
MARY C. HESTER
THOMAS BERON
J PATRICK MORRIS, JR
MARTIN P. IRONS
E JANE ROLLING
LANCE P. MARTIN

OF COUNSEL
ROBERT T. JORDEN
CHARLES C GREMILLION
JAMES L PELLETIER
THOMAS B LEMANN

†BOARD CERTIFIED ESTATE PLANNING
AND ADMINISTRATION SPECIALIST
*BOARD CERTIFIED TAX ATTORNEY

ONE SHELL SQUARE
701 POYDRAS STREET, SUITE 5000
NEW ORLEANS, LA 70139-5099
TELEPHONE (504) 581-7979
FACSIMILE (504) 556-4108 · (504) 556-4109

822 HARDING STREET
P.O BOX 52008
LAFAYETTE, LA 70505-2008
TELEPHONE (318) 232-7424
FACSIMILE (318) 267-2399

MCI MAIL· LISKOWLEWIS

Lafayette, Louisiana
August 23, 1999

**VIA HAND-DELIVERY**

Honorable Catherine B. Carter
United States District Court
Western District of Louisiana
800 Lafayette Street, Suite 2100
Lafayette, LA 70501

    Re:    BancInsure, Inc. versus
            American Security Bank
            United States District Court
            Western District of Louisiana
            Civil Action No. 99-0456

Dear Ms. Carter:

Enclosed please find an original and one (1) copy each of the following:

1. Motion to Dismiss or Stay Declaratory Judgment Action;
2. Memorandum in Support of Motion to Dismiss or Stay Declaratory Judgment Action; and
3. Final Judgment.

Please file the originals into the record of the above captioned proceeding. Please stamp the copy with your stamp reflecting date and time of filing, and return a stamped copy to us in the enclosed, self-addressed, stamped envelope.

August 23, 1999                                                      **LISKOW & LEWIS**
                                                                                                     Page 2

Your usual courtesies and assistance are sincerely appreciated.

                                                          Very truly yours,

                                                          LISKOW & LEWIS

                                                          Carmen M. Rodriguez

CMR:mb  
Enclosures  
cc:     Hon. Rebecca Doherty  
        Maura Z Pelleteri, Esq.  
        Robert E. Torian, Esq.

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

_____LAF_____ DIVISION

### NOTICE OF DOCUMENT NOT FILED IN RECORD

CIV   CASE # __6:99cv0456__

__BANCINSURE INC.__

VS.

__AMERICAN SECURITY BANK__

ATTACHMENTS TO:

DOCUMENT #: __19__

DESCRIPTION: __Motion to Dismiss or Stay Declaratory Judgment Action__

FILED BY: __American Security Bank__

FILE DATE: __8/23/99__

HAVE BEEN PLACED IN AN ACCORDIAN FOLDER.

_Denise G. McDonnell_
**DEPUTY CLERK**